IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, ) ) ) | | |
| Plaintiff, ) ) | C.A. No. 7:13-1583-HMH | |
| vs. ) ) | **OPINION & ORDER** | |
| BMW Manufacturing Co., LLC, ) ) | | |
| Defendant. ) | | |

This matter is before the court on Defendant BMW Manufacturing Co., LLC's ("BMW MC") objection to the magistrate judge's order denying BMW MC's motion to compel Plaintiff Equal Employment Opportunity Commission ("EEOC") to produce materials responsive to its discovery request. After review, the court reverses the magistrate judge's order and compels the EEOC to produce materials responsive to BMW MC's request.[1]

The EEOC initiated this litigation by filing a complaint against BMW MC alleging that BMW MC's "use of its criminal conviction background check policy constitutes an unlawful employment practice in violation of Section 703(a) of Title VII [of the Civil Rights Act of 1964]" because "BMW [MC]'s policy had, and continues to have, a significant disparate impact on black employees and applicants and is not job-related and consistent with business necessity." (Compl. ¶ 27, ECF No. 1). In its answer, BMW MC asserted, among other defenses, estoppel and that the policy was job-related and consistent with business necessity. (Ans. 6-7, ECF No. 7.) On September 17, 2014, BMW MC moved to compel the EEOC to

---

[1] Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing.

1

respond to its first request for production of documents.  (Def. Mot. Compel, ECF No. 56.)  Specifically, BMW MC moved to compel the EEOC to respond to request for production 33, which asked the EEOC to produce "[a]ll documents that constitute, contain, describe, reflect, mention, or refer or relate to any policy, guideline, standard, or practice utilized by the EEOC in assessing the criminal conviction record of applicants for employment with the EEOC."  (Id. at 2, ECF No. 56.)  On October 10, 2014, the magistrate judge denied BMW MC's motion to compel via text order.  (Oct. 10, 2014 Text Order, ECF No. 59.)  BMW MC timely filed its objections pursuant to Rule 72(a) of the Federal Rules of Civil Procedure on October 23, 2014.  (Def. Objections, ECF No. 60.)  The EEOC filed its response on November 6, 2014, and BMW MC filed a reply on November 24, 2014.  (Pl. Mem. Opp'n Objections, ECF No. 67.); (Def. Reply Supp. Objections, ECF No. 74.)  This matter is now ripe for review.

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to file objections to nondispositive matters decided by a magistrate judge.  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "[A]lthough an abuse-of-discretion attitude should apply to many discovery and related matters, it need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives."  12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 2014).

In denying the motion to compel, the magistrate judge reasoned that "[c]onsidering the . . . burdens of proof [in a disparate impact case] and in light of BMW [MC]'s motion to compel . . . BMW [MC] has failed to explain how production of the EEOC's conviction policy contributes to its ability to prove that BMW [MC]'s criminal conviction policy at issue is job-

2

related and/or is consistent with a stated business necessity." (Oct. 10, 2014 Text Order, ECF No. 59.) The magistrate judge further explained that "there is no basis on which the [c]ourt can conceive that the business necessity for a criminal conviction policy for the EEOC and BMW [MC] would be based on the same job-necessity in light of the job requirements of the individuals each would seek to employ." (Id.)

The court finds that the magistrate judge's order should be set aside. "Generally, the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal rules." United Oil Co. v. Parts Assocs., Inc., 227 F.R.D. 404, 411 (D. Md. 2005) (citations omitted). In the present case, the EEOC argued that the production of documents related to its criminal conviction background check policy were not relevant to the claims and defenses because the positions for which the EEOC utilized its policy were not similar to the positions at issue in this litigation. (Pl. Mem. Opp'n Def. Objections 13, ECF No. 67.); (Pl. Mem. Opp'n Mot. Compel 10-11, ECF No. 57.) However, the EEOC has not submitted its policies or the positions for which they are used. BWM MC "is not required to accept [the EEOC's] position in its briefs that the two entities' practices are dissimilar – [BMW MC] is entitled to discovery on this issue as it relates to [BMW MC's] defense[s]." E.E.O.C. v. Freeman, Civil Action No. RWT-09-2573, 2012 WL 3536752, at *2 (D. Md. Aug. 14, 2012) (unpublished). The court does not make a finding regarding admissibility, and the EEOC's policies ultimately may not be relevant. However, this production should not be burdensome to the EEOC, and the court can perceive no harm to the EEOC in producing its internal policies.

It is therefore

**ORDERED** that the magistrate judge's order, docket number 59, is reversed. It is further

**ORDERED** that the EEOC respond to BMW MC's request for production 33.

**IT IS SO ORDERED.**


                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
December 8, 2014